HEANEY, Circuit Judge,
dissenting.
I respectfully dissent. I believe that the term “crime of violence” and its definition in 18 U.S.C. § 16 are ambiguous when applied to the offense of criminal vehicular homicide, as defined in Minn.Stat. § 609.21, subd. 1(4). Because there is a “longstanding principle of construing any lingering anibiguities in deportation statutes in favor of the alien,” INS v. St. Cyr, 533 U.S. 289, 320, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (quoting INS v. Cardoza-Fonseca, 480 U.S. 421, 449, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)), I would reverse the decision of the Board of Immigration Appeals.
Omar pled guilty to the charge that he had “cause[d] the death of a human being not constituting murder or manslaughter as a result of operating a motor vehicle ... while having an alcohol concentration of .10 or more, as measured within two hours of the time of driving.” Minn.Stat. § 609.21, subd.l(4). The majority asks whether this offense fits within the statutory definition of a “crime of violence.” Because Omar is an alien, however, I believe the correct query is whether this offense unambiguously is a “crime of violence.” Stated differently, may a violation of Minn.Stat. § 609.21, subd.l(4) unambiguously be defined as a felony that “by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense?” See 18 U.S.C. § 16(b). A careful examination of the statutory language used in § 16(b) demonstrates that the provision does not unambiguously apply to criminal vehicular homicide.
In concluding that § 16(b) is unambiguous, the majority does not analyze any of the terms Congress employed in the stat *721 ute. Rather, it loosely uses comparable phrases such as “application of physical force” and “if harm results.” This analysis contradicts the settled principle that “a statute must, if possible, be construed in such a fashion that every word has some operative effect.” United States v. Nordic Village, Inc., 503 U.S. 30, 36, 112 S.Ct. 1011, 117 L.Ed.2d 131 (1992); see also Market Co. v. Hoffman, 101 U.S. 112, 115-116, 25 L.Ed. 782 (1879) (“We are not at liberty to construe any statute so as to deny effect to any part of its language. It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word.... ‘[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.’ This rule has been repeated innumerable times.”) (citation omitted).
Section 16(b)’s use of the phrases “physical force” and “may be used” render its application to criminal vehicular homicide ambiguous. Physical force can have numerous meanings. It can be defined as “physical strength exerted on an object or person; ... violence” or it may be defined more broadly as an “influence that produces or tends to produce a change” See The New Shorter Oxford English Dictionary, 3d. ed., Vol. 1 at 998 (Clarendon Press 1993). The majority employs a broad physical science definition of force rather than equating it with violence. See supra (“A vehicle can exert considerable physical force because of its structure, weight, and capacity for motion and velocity”). It is unclear from the text of § 16(b), however, whether Congress intended the term “force” to connote some type of violence or whether “force” has a much wider meaning. At least three courts have determined that the term “physical force” in § 16(b) implies a violent force. See Sareang Ye v. INS, 214 F.3d 1128, 1133 (9th Cir.2000) (“the force necessary to constitute a crime of violence ... must actually be violent in nature”); Solor-zano-Patlan v. INS, 207 F.3d 869, 875 n. 10 (7th Cir.2000); United States v. Rodriguez-Guzman, 56 F.3d 18, 20 n. 8 (5th Cir.1995) (“The clear import of defining a ‘crime of violence’ is that ‘force’ as used in the definition is synonymous with destructive or violent force.”). I believe the Second Circuit accurately recognized the ambiguity in this term when it stated:
[W]e believe the language of § 16(b) fails to capture the nature of the risk inherent in drunk driving. This risk is, notoriously, the risk of an ensuing accident; it is not the risk that the driver will “use physical force” in the course of driving the vehicle. Indeed, in the context of driving a vehicle, it is unclear what constitutes the “use of physical force.” The physical force used cannot reasonably be interpreted as a foot on the accelerator or a hand on the steering wheel. Otherwise, all driving would, by definition, involve the use of force, and it is hard to believe that Congress intended for all felonies that involve driving to be “crimes of violence.”
Dalton v. Ashcroft, 257 F.3d 200, 206 (2d. Cir.2001). Section 16(b)’s use of the term “physical force” is ambiguous when read in the context of drunk driving.
The inclusion of the verb “use” further complicates the application § 16(b) to Omar’s conviction. As the Seventh Circuit explained, “[i]n ordinary English, the word ‘use’ implies intentional availment.” United States v. Rutherford, 54 F.3d 370, 372-73 (7th Cir.1995) (noting that “use” is defined as “[t]he act of employing a thing for any (esp. a profitable) purpose”) (quoting The Oxford English Dictionary, 2d. ed., vol. XIX at 350 (Clarendon Press 1989)); see also Bazan-Reyes v. INS, 256 F.3d 600, 608 (2001) (“the term ‘use of physical *722 force’ ... implies ‘an intentional availment rather than the mere application or exertion of force.’ ”) (quoting Rutherford, 54 F.3d at 372-373). The Seventh Circuit reasoned that:
Force is exerted in many instances where it is not employed for any particular purpose. For example, earthquakes and avalanches involve the exertion of a tremendous amount of force .... Referring to a randomly occurring avalanche as a “use” of force would torture the English language. Likewise a drunk driving accident is not the result of plan, direction, or purpose.... A drunk driver who injures a driver would not describe the incident by saying he “used” his car to hurt someone.... No availment of force in order to achieve an end is present in a drunk driving accident. Thus, under a pure plain language approach, one would be hard-pressed to argue that [a drunk driving] accident involved the use of force.
Rutherford, 54 F.3d at 372.
A comparison of the majority’s opinion with the Seventh Circuit’s analysis in Rutherford and Bazan-Reyes indicates that the term “used” in § 16(b) is ambiguous. Indeed, the circuits are split over the issue of whether drunk-driving can be referred to as the “use of physical force.” Compare Tapia Garcia v. INS, 237 F.3d 1216, 1222-23 (10th Cir.2001) (holding that an Idaho conviction for DUI is a crime of violence under § 16(b)) with United States v. Trinidad-Aquino, 259 F.3d 1140, 1144-46 (9th Cir.2001) (holding California conviction for DUI causing bodily injury is not a crime of violence under § 16 because the phrase “use ... against” implies a volitional act and California statute could be violated through mere negligence); Dalton v. Ashcroft, 257 F.3d at 207-08 (noting that risk of injury is distinct from the risk that physical force may be used and holding that a DWI conviction under New York law does not constitute a crime of violence); Bazan-Reyes, 256 F.3d at 610-612 (vacating deportation orders for criminal vehicular homicide and drunk driving because the offenses did not constitute crimes of violence under § 16(b)). This circuit split alone demonstrates the ambiguity of the statute.[13]
The majority tries to distinguish itself from the other circuits that have faced this issue by noting that its sister circuits did not carefully analyze the issue of vehicular homicide. It concludes that because a violation of Minn.Stat. § 609,21 always results in the death of another, “there are no circumstances where the offense of criminal vehicular homicide does not present a substantial risk that physical force will be used to injure another.” I believe the majority recklessly equates the phrase “risk that physical force may be used” with language Congress did not employ in § 16(b), “risk that injury may occur.” *723 Many offenses involve a substantial risk of injury but do not involve the use of force. Dalton, 257 F.3d at 207. Crimes of gross negligence or reckless endangerment, such as leaving a child alone in a bathtub or in a hot car, involve the risk of injury without the use of force. See id. Furthermore, “[although an accident may properly be said to involve force, one cannot be said to use force in an accident as one might use force to pry open a heavy, jammed door.” Id. at 206 Just because criminal vehicular homicide always results in an injury does not mean that force will always be used against another in its commission.
I recognize that if this case did not involve the deportation of an alien, this court’s decision in United States v. Moore, 38 F.3d 977 (8th Cir.1994), would control the outcome. In this case, however, unlike in Moore, we must ask whether the statute is ambiguous. See INS v. St. Cyr, 533 U.S. at 320, 121 S.Ct. 2271. The Supreme Court has stated that “the deportation of an alien is a drastic measure.... [Sjince the stakes are considerable for the individual, we will not assume that Congress meant to trench on his freedom beyond that which is required by the narrowest of several possible meanings of the [statute].” Fong Haw Tan v. Phelan, 333 U.S. 6, 10, 68 S.Ct. 374, 92 L.Ed. 433 (1948) (citation omitted). The varying interpretations of the language in § 16(b) demonstrate that the statute is ambiguous as applied to Omar’s conviction for criminal vehicular-homicide. Under the narrowest possible interpretation of § 16(b), Omar did not commit a crime of violence; therefore, Omar should not be removed from this country.

. Recent decisions by the Board of Immigrations Appeals and the Sentencing Commission further demonstrate the ambiguity of the language in § 16(b). The Board of Immigration Appeals recently issued a decision holding that drunk driving under the Massachusetts General Laws is not a crime of violence. In re Ramos, 23 I. & N. Dec. 336, 2002 WL 1001049 (BIA 2002). In so holding, the Board withdrew an earlier decision that a drunk driving conviction alone is sufficient to constitute a crime of violence under § 16. Id. at 346. In addition, in 1989, the Sentencing Commission changed its definition of "crime of violence" to "clarify” the term. USSG App. C., amend. 268. The Commission deleted a reference to 18 U.S.C. § 16 and instead borrowed the definition in 18 U.S.C. § 924(e)(2)(B), which can be triggered when conduct presents a "risk of physical injury to another.” See id.; see also USSG § 4B1.2(1) (Nov. 1990). Although these decisions do not control this court's decision, they demonstrate the uncertainty that exists regarding § 16's interpretation.