**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-2353**

_____

BAYRON ARMANDO US-ZEPEDA,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  September 13, 2011    Decided:  September 15, 2011

_____

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Aroon Roy Padharia, Washington, D.C., for Petitioner.  Tony West, Assistant Attorney General, Emily Anne Radford, Assistant Director, Craig A. Newell, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bayron Armando Us-Zepeda, a native and citizen of Guatemala, petitions for review of a final administrative order of expedited removal issued by U.S. Immigration and Customs Enforcement ("ICE"). For the reasons set forth below, we deny the petition for review.

Us-Zepeda argues that he was improperly placed in expedited removal proceedings under 8 U.S.C. § 1228(b) (2006) because he is not an alien described in that statute. Specifically, he contends that expedited proceedings only apply to non-permanent resident aliens who are removable as aggravated felons under 8 U.S.C. § 1227(a)(2)(A)(iii) (2006). That section, in turn, provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." § 1227(a)(2)(A)(iii) (emphasis added). Us-Zepeda reasons that, because he was never admitted to the United States, he cannot be considered a deportable aggravated felon as defined in the statute and therefore cannot be subject to expedited removal proceedings.

Based on our review of the record and applicable law, we find that it was not improper for ICE to place Us-Zepeda in expedited removal proceedings pursuant to § 1228(b). See Bamba v. Riley, 366 F.3d 195, 199-204 (3d Cir. 2004); United States v. Hernandez-Vermudez, 356 F.3d 1011, 1013-15 (9th Cir.

2004); <u>Bazan-Reyes v. INS</u>, 256 F.3d 600, 604-05 (7th Cir. 2001). To the extent that the statute is ambiguous, we find that the Attorney General's interpretation of § 1228(b) is entitled to deference under <u>Chevron v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984). <u>See</u> 8 C.F.R. § 238.1(b)(1)(iv) (2011) (expressly providing for the application of § 1228(b) to aliens who were not admitted or paroled); <u>Bamba</u>, 366 F.3d at 201; <u>Hernandez-Vermudez</u>, 356 F.3d at 1014-15 & n.6.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] To the extent that Us-Zepeda contends that his placement in expedited removal proceedings violated his right to due process because he may have been entitled to adjustment of status through his father, we find this argument without merit. <u>See</u> <u>Dekoladenu v. Gonzales</u>, 459 F.3d 500, 508 (4th Cir. 2006) ("[B]ecause Dekoladenu has neither a liberty nor a property interest in adjustment of status, he cannot make out a due process violation."), <u>overruled on other grounds by</u> <u>Dada v. Mukasey</u>, 554 U.S. 1 (2008).

3