**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-40508
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS


EDUARDO RIVAS-PALACIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Texas
Tyler Division
_____
March 9, 2001

Before FARRIS[*], JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:

Rivas-Palacios appeals the district court's imposition of a 16 level sentencing enhancement, arguing that his previous conviction for unlawful possession of a short-barreled shotgun was not an "aggravated felony" within the meaning of the sentencing guidelines. For the following reasons, we affirm the judgment of the district court.


I.

Eduardo Rivas-Palacios was charged in a single-count indictment with being found present in the United States after

[*]Circuit Judge of the Ninth Circuit, sitting by designation.

deportation in violation of 8 U.S.C. § 1326.  Rivas plead guilty to the indictment without the benefit of a written plea agreement with the Government.  The PSR assigned Rivas a base offense level of 8 under U.S.S.G. § 2L1.2(a).  Rivas was then assigned a 16 level increase pursuant to U.S.S.G. § 2L1.2(b)(2) based on his prior Texas conviction for unlawful possession of a short-barreled shotgun, categorized in the PSR as an aggravated felony.  Finally, Rivas received a 3 level adjustment for acceptance of responsibility.  Based on a total offense level of 21 and a criminal history category of V, Rivas' guideline range of imprisonment was 70 to 87 months.  Rivas filed one objection to the PSR, arguing that his prior Texas conviction for possession of a short-barreled firearm was not an "aggravated felony".  The district court overruled the objection, adopted the PSR, and sentenced Rivas to 75 months imprisonment, 3 years supervised release, and a $100 special assessment.

## II.

We review a claim that the district court erred in applying the sentencing guidelines de novo.  United States v. Galvan-Rodriquez, 169 F. 3d 217, 218 (5th Cir. 1999), cert denied, 528 U.S. 837 (1999).

## III.

Sentencing Guideline § 2L1.2(b)(1)(A) provides for a 16 level increase to a defendant's offense level if he was previously deported after conviction of an "aggravated felony".  Application

2

note 1 explains that an "aggravated felony" for purposes of 2L1.2 is defined at 8 U.S.C. § 1103(a)(43). Part (F) of that section defines an "aggravated felony" as a "crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." 18 U.S.C. § 16 provides:

> The term "crime of violence" means -
>
> > (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Government argues that Rivas' Texas offense should be construed as a "crime of violence" under part b of the above statute because the mere possession of an unregistered firearm such

as a sawed-off shotgun creates a "substantial risk" of "physical force against the person or property of another".

Although this is a case of first impression in this Circuit, we are not without guidance on the question. The Ninth Circuit has held that possession of an unregistered firearm is a crime of violence under 18 U.S.C. § 16. United States v. Dunn, 946 F. 2d 615, 620-21 (9th Cir. 1991), cert denied, 502 U.S. 950 (1991) (involving a sawed-off shotgun). The First Circuit has found the possession of a sawed-off shotgun to be a "violent felony" under a

3

statute very similar to 18 U.S.C. § 16 (merely requiring that the crime involve "conduct that presents a serious potential risk of physical injury to another"). United States v. Fortes, 141 F. 3d 1, 7-8 (1st Cir. 1998). Finally, this Court has held that possession of a pipe bomb is a "crime of violence" under 18 U.S.C. 924(c)(3), which defines this term in a way that is practically identical to the definition of "crime of violence" in 18 U.S.C. § 16. United States v. Jennings, 195 F. 3d 795, 797-99 (5th Cir. 1999).

In Jennings, we recognized that

> Not all firearms must be registered...Only those firearms must be registered that Congress has found to be inherently dangerous and generally lacking usefulness, except for violent and criminal purposes, such as sawed-off shotguns and hand grenades...The primary reason that unregistered possession of these particular weapons is a crime is the virtual inevitability that such possession will result in violence. Id. at 799.(citations omitted).

We further found in that case that "possession of an unregistered pipe bomb, by its very nature, creates a substantial risk of violence...In fact, we cannot conceive of any non-violent or lawful uses for a pipe bomb." Id. at 798.

For essentially the same reasons discussed in Jennings, we now join the Ninth Circuit in holding that the possession of an unregistered firearm is a "crime of violence" as defined in 18 U.S.C. § 16. We are persuaded that the unlawful possession of any unregistered firearm , a sawed-off shotgun in this case, "involves a substantial risk that physical force against the person or

4

property of another" will occur.  The district court was, therefore, correct in applying a 16 level sentencing enhancement in this case.

IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.