**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-40805**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE ANGEL LOPEZ-HERNANDEZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(B-00-CR-60-1)**

**May 11, 2001**

Before POLITZ and BARKSDALE, Circuit Judges, and FALLON,[1] District Judge.

PER CURIAM:[2]

For this appeal by Jose Angel Lopez-Hernandez, primarily at issue is whether the district court *plainly erred* by increasing his offense level by 16, pursuant to § 2L1.2(b)(1)(A) of the Sentencing Guidelines. **AFFIRMED.**

---

[1]District Judge of the Eastern District of Louisiana, sitting by designation.

[2]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In November 1995, Lopez was convicted of unlawfully carrying a weapon on licensed premises and sentenced to ten years' imprisonment. He was deported in April 1999. Approximately nine months later, an INS Agent encountered Lopez at a county jail in Texas. Lopez admitted he was a citizen of Mexico; had previously been deported; and did *not* have the permission of the Attorney General to reenter the United States.

After being charged with unlawful entry, in violation of 8 U.S.C. §§ 1326(a) and (b), Lopez pleaded guilty. Pursuant to § 2L1.2(b)(1)(A) of the Sentencing Guidelines, the Presentence Investigation Report recommended increasing Lopez's offense level by 16 because he had been convicted of an *aggravated felony* — unlawfully carrying a weapon on licensed premises. Lopez did *not* object to such characterization of the offense. He was sentenced, *inter alia*, to 70 months' imprisonment.

## II.

### A.

Lopez asserts, as he did in district court, that a prior aggravated-felony conviction is an element of the offense of entry following deportation, and, thus, must be alleged in the indictment. As he acknowledges, *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), holds to the contrary. Nevertheless, he asserts *Apprendi v. New Jersey*, 530 U.S. 466 (2000), calls into

question, *but does not overrule*, the holding in **Almendarez-Torres**. Of course, Supreme Court precedent is binding on our court; Lopez's contention fails. *See, e.g.,* **United States v. Dabeit**, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1214 (2001).

B.

Lopez asserts, for the first time on appeal, that his conviction for unlawfully carrying a weapon on licensed premises is *not* an "aggravated felony". As Lopez concedes we must, we review *only* for plain error. **Id.** at 983. Under this extremely narrow standard of review, *if* there is an error, that is "clear" or "obvious", and that affects "substantial rights", we have discretion to correct such forfeited error *if* it affects the fairness, integrity, or public reputation of judicial proceedings. *E.g.,* **United States v. Cyprian**, 197 F.3d 736, 741 (5th Cir. 1999), *cert. denied*, 121 S. Ct. 65 (2000).

Pursuant to § 2L1.2(b)(1)(A) of the Sentencing Guidelines, the offense level for unlawful entry is to be increased by 16 *if* the defendant was previously deported after conviction for an "aggravated felony". U.S.S.G. § 2L1.2(b)(1)(A). "Aggravated felony" is defined at 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2, cmt. n.1. Included in that definition is a crime of violence for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). A "crime of violence" is:

3

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a *substantial risk* that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (emphasis added).

Subsection (a) is inapplicable; the use, attempted use, or threatened use of physical force is *not* an element of the crime of unlawfully carrying a weapon on licensed premises. *See* TEX. PENAL CODE § 46.02 (Vernon 1994). Thus, the question becomes whether the conduct proscribed by Texas Penal Code § 46.02 involves a *substantial risk* that physical force may be used.

Lopez asserts offenses found by our court to be crimes of violence are distinguishable because they involved an act that created a strong probability that physical injury or property damage would occur. The Government responds that a violation of § 46.02 is usually a Class A misdemeanor, *see* TEX. PENAL CODE § 46.02(e) (Vernon 1994); however, if the offense is committed on premises licensed for the sale of alcohol, it becomes a felony of the third degree. TEX. PENAL CODE § 46.02(f) (Vernon 1994). This enhancement, the Government contends, reflects the Texas legislature's concern for public safety when weaponry is introduced into a setting where alcoholic beverages may be liberally consumed.

4

Our court has *not* decided whether carrying a weapon on licensed premises is a crime of violence.  *Cf*. **United States v. Rivas-Palacios,** No. 00-40508, 2001 WL 237223, at *2 (5th Cir. 9 March 2001) (possession of unregistered firearm is crime of violence).  Therefore, even assuming error, it was *not* "clear" or "obvious".  *See* **Johnson v. United States**, 520 U.S. 461, 467-68 (1997) (error must be clear under current law).  As a result, there is *no* plain error.

## III.

For the foregoing reasons, the judgment is

**AFFIRMED**.

5