**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-50059
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

SALVADOR HERNANDEZ-NEAVE,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas, Austin Division
_____

December 21, 2001

Before REAVLEY, HIGGINBOTHAM and PARKER, Circuit Judges

ROBERT M. PARKER, Circuit Judge:

Defendant Hernandez-Neave ("Hernandez") appeals a 16-level increase to his base offense level under the United States Sentencing Guidelines. The district court applied the increase based on Hernandez's prior conviction for unlawfully carrying a firearm in a place licensed to sell alcoholic beverages. The increase imposed a mandatory sentencing range upon him of from 57 to 71 months' imprisonment. Hernandez was actually sentenced to 60

1

months' imprisonment. Because we hold that unlawfully carrying a firearm under these circumstances is not a "crime of violence" within the meaning of 18 U.S.C. § 16(b), we hereby VACATE Hernandez's sentence and REMAND the case to district court for re-sentencing in accordance with this opinion.

## I.  BACKGROUND AND PROCEEDINGS IN THE DISTRICT COURT.

Salvador Hernandez-Neave is a foreign national who is in the United States illegally. He was previously deported in 1998 and was apprehended following his illegal reentry in 1999. During his previous presence in the U.S., Hernandez was convicted of two other felonies. The first, in 1984, was for unlawfully carrying a firearm in an establishment licensed to sell alcoholic beverages. The second, in 1993, was for driving while intoxicated ("DWI").

Hernandez was arraigned in district court on an indictment for illegal reentry to the United States subsequent to his conviction for commission of an aggravated felony. The government sought a conviction on the illegal reentry charge with sentencing guideline offense level increases consonant with a prior aggravated felony. As the sentencing guidelines define aggravated felony, it was necessary for at least one of Hernandez's prior felony convictions to be a "crime of violence" for the district court to apply the 16 level increase sought by the government.

Hernandez argued that neither of his prior convictions, even if felonies, were crimes of violence. At his arraignment, he

2

declined a plea agreement but agreed to stipulate to the facts of his illegal reentry in a bench trial with a hearing to determine whether his prior convictions were crimes of violence. The district court conducted the bench trial shortly after the arraignment.[1] The district judge accepted the stipulation of facts and heard arguments as to whether the prior felonies were crimes of violence.[2]

At the end of the bench trial, the district judge found Hernandez guilty of illegal reentry but refused to find that Hernandez's prior felonies were aggravated or were crimes of violence. Specifically, as to the illegal carrying conviction, the district judge ruled:

> But because of the clear law in the Circuit that a felon in possession is not an aggravated felony within the meaning of the upward departure to 20 years in this case, I, specifically, until there is authority otherwise, will not find that unlawfully carrying a weapon is an

---

[1] The record on appeal contains various transcripts. One is annotated "Transcript of Rearraignment held 10/25/00" and reports the original arraignment at which Hernandez first disputed the aggravated felony enhancement in his indictment. Another is annotated "Transcript of Rearraignment held 10/26/00" and reports the continuation of Hernandez's arraignment, including the determination of how to proceed. The transcript of the bench trial by the district judge is included in this volume, originally entered in the docket under entry number 19 as such. The third is annotated "Transcript of Sentencing held 12/22/00."

[2] The district court addressed whether *Apprendi v. New Jersey*, 530 U.S. 466 (2000), should apply to a determination of whether the prior felonies were "aggravated" for the purposes of sentencing enhancement. The district judge and counsel agreed that with a stipulation as to the illegal reentry and with the court acting as the trier of fact on the issue of whether the felonies were crimes of violence, there was no *Apprendi* issue to be raised. We concur.

aggravated felony without consequences.
*See* Transcript of Rearraignment held 10/26/00 at 24.

At the sentencing on December 22, 2000, however, the district judge reversed his opinion and stated that any such ruling was in error. He did so after reviewing the Probation Office's Pre-Sentencing Investigation ("PSI") report, which recommended that a 16-level sentencing enhancement be applied on the grounds that each of Hernandez's prior convictions were for aggravated felonies. The district judge did not rule that the DWI constituted an aggravated felony because of then-conflicting and unsettled Fifth Circuit precedent. He did rule that Hernandez's illegal carrying conviction reflected an aggravated felony for the purposes of sentencing. Incorporating the Probation Office's PSI recommendation, the sentencing guidelines imposed a mandatory range of from 57 to 71 months' incarceration. The district court sentenced Hernandez to 60 months' imprisonment. Hernandez now appeals the district court's determination that illegal carrying is an aggravated felony constituting a crime of violence.

## II.  ANALYSIS.

We review a district court's interpretation of the United States Sentencing Guidelines *de novo* and its application of the guidelines for clear error. *See United States v. Chapa-Garza*, 243 F.3d 921, 924 (5th Cir. 2001); *United States v. Cho*, 136 F.3d 982, 983 (5th Cir. 1998). Hernandez's sentence must be affirmed unless

4

it was imposed in violation of law or was based upon an erroneous application of the Sentencing Guidelines.  *See Chapa-Garza*, 243 F.3d at 924; *United States v. Velazquez-Overa*, 100 F.3d 418, 419 (5th Cir. 1996).

Hernandez was indicted for a violation of 8 U.S.C. § 1326(b)(2), illegal reentry of an alien deported subsequent to a conviction for commission of an aggravated felony.  Subject to the sentencing guidelines for the specific offense, § 1326(b)(2) provides for a fine, imprisonment of not more than 20 years, or both.  If the conviction had been for three or more misdemeanors involving drugs, crimes against the person, or both, or a felony other than an aggravated felony, the alien would be fined under title 18, U.S. Code, imprisoned not more than 10 years, or both. *See* 8 U.S.C. § 1326(b)(1).  Therefore, the statute provides for a higher maximum punishment, subject to the applicable sentencing guidelines, for illegal reentry following an aggravated felony, as opposed to other convictions.

The sentencing guideline which applies to § 1326 offenses is U.S.S.G. § 2L1.2 and its Application Notes.  *See Chapa-Garza*, 243 F.3d at 924.  Under U.S.S.G. § 2L1.2, a violation of § 1326 is subject to a base offense level of 8, with an increase of 16 offense levels if removal from the United States was preceded by a conviction for an "aggravated felony."  *Id.*  Application Note 1 of guideline 2L1.2 refers to 8 U.S.C. § 1101(a)(43) for the definition

of "aggravated felony."  In turn, § 1101(a)(43) includes "crime of violence" as defined in 18 U.S.C. § 16.  *Id.*  There, a crime of violence is defined as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  *See* 18 U.S.C. § 16(b).

Hernandez's 1984 felony conviction was for a violation of TEX. PENAL CODE § 46.02(c).  Although that portion of Texas's penal code was revised and condensed since 1984, the current § 46.02 is virtually identical with the one in effect at the time of Hernandez's offense.  It establishes that if a person intentionally, knowingly, or recklessly carries on or about his person a handgun on any premises licensed or issued a permit by the state of Texas for the sale of alcoholic beverages, he has committed a third degree felony.  *See* TEX. PENAL CODE § 46.02(c).  At issue is whether a conviction for this offense triggers the sentencing enhancements under U.S.S.G. § 2L1.2 for an "aggravated felony" as a "crime of violence."

The district court decided this case before our decision in *Chapa-Garza, supra*.  There, we found that Texas felony DWI charges did not constitute a "crime of violence" as defined under 18 U.S.C. § 16(b) and thus was not an aggravated felony for the purposes of sentencing enhancements.  We held that, consonant with the ordinary meaning of the word "use" in § 16(b),

6

> [A] crime of violence as defined in 16(b) requires
> recklessness as regards the substantial likelihood that
> the offender will intentionally employ force against the
> person or property of another in order to effectuate the
> commission of the offense.

*See Chapa-Garza*, 243 F.3d at 927. In so doing, we employed a categorical approach in determining that felony DWI under Texas law was not a crime of violence "by its nature" according to § 16(b). That is, the particular facts of the defendant's prior conviction did not matter and the proper inquiry was whether a particular defined offense, in the abstract, is a crime of violence under § 16(b) *Id.* at 924.

Here, the government argues that a crime of violence should be defined by the nature of the risk of the defendant's conduct rather than by the defendant's intent that a particular harmful result will occur. As we explained in *Chapa-Garza*, however, the "substantial risk that physical force . . . may be used" language in § 16(b) refers only to those offenses in which there is a substantial likelihood that the perpetrator will intentionally employ physical force against the person or property of another. This criterion is most reasonably read to refer to intentional conduct. *Id.* at 926.

Additionally, § 16(b) requires that the physical force be applied "in the course of committing the offense." *Id.* at 927. As such, it refers only to that physical force that may be used to perpetrate the offense. *Id.*

7

We used that analysis to determine that Texas felony DWI is not a crime of violence as defined by § 16(b) because the crime is committed when the defendant, after two prior DWI convictions, begins operating a vehicle while intoxicated; intentional force against another's person or property is virtually never employed in such conduct. *Id.*

Here, under Texas law, the felony crime of unlawfully carrying a firearm is committed when the defendant, with intent, knowledge or recklessness, carries a handgun onto premises which are licensed or permitted to sell alcoholic beverages. The *intent* portion of the crime goes to the act of carrying a firearm onto such premises. It does not go to any supposed intentional force against another's person or property not involved in the act of carrying the firearm onto the premises. The nature of the crime is enclosed within the completion of that conduct. Doubtless, the Texas legislature passed this law to limit the risk of mixing guns and alcohol. Nonetheless, under our categorical approach to determining crimes of violence, we do not look to either possible physical violence nor to any particular conduct by a defendant, violent or otherwise. The inquiry is simply into the nature of the crime. In the case of unlawfully carrying a firearm onto premises licensed for the sale of alcoholic beverages, physical force against the person or property of another need not be used to complete the crime. The crime is completed by simply stepping over a threshold while

8

carrying such a weapon.

Driving while intoxicated may cause injury to another without manifesting a "crime of violence" while leaving the intoxicated driver open to other felony charges.  So, too, unlawfully carrying a firearm or other weapon identified in TEX. PENAL CODE § 46.02 into a place licensed or permitted to sell alcoholic beverages is not a "crime of violence" even though a subsequent shooting would leave the shooter open to other felony charges which would be in the crime of violence category.  This comports with the analysis in our earlier holding that being a felon in possession of a firearm is not an aggravated felony, a point raised by Hernandez.  *United States v. Fitzhugh*, 954 F.2d 253, 254-55 (5th Cir. 1992).

Our application of the *Chapa-Garza* framework may appear to conflict with our holding in *United States v. Rivas-Palacios*, 224 F.3d 396 (5th Cir. 2001).  In that case, we determined that the Texas crime of possession of an unregistered, short-barreled shotgun was a crime of violence as defined in § 16(b).  *Id.* at 398. *Rivas-Palacios* did not purport to apply the (then days-old) *Chapa-Garza* framework, and we conclude that to the extent that *Rivas-Palacios* conflicts with our holding today, it also conflicts with *Chapa-Garza*.  "When panel opinions appear to conflict, we are bound to follow the earlier opinion."  *See H & D Tire and Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

### III. Conclusion.

We hold that the unlawful carrying of a handgun on premises which have been licensed or permitted to sell alcoholic beverages, while a felony under Texas law, is not a "crime of violence" under 18 U.S.C. § 16(b) and is therefore not an "aggravated felony" under U.S.S.G. § 2L1.2.  We therefore VACATE the sentence imposed by the district court and REMAND this case to that court for re-sentencing in accordance with this opinion.