United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2004**

Charles R. Fulbruge III
Clerk

**Revised**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

————————————

No. 02-60707

————————————

HUNG CUONG "RICKY" NGUYEN,

Petitioner,

versus

JOHN ASHCROFT,
Attorney General of the United States,

Respondent.

————————————————————————

Petition for Review of an Order of
the Bureau of Immigration Appeals

————————————————————————

Before GARWOOD, JONES, and STEWART Circuit Judges.[*]

CARL E. STEWART, Circuit Judge:

Petitioner Hung Cuong "Ricky" Nguyen ("Nguyen") appeals the decision of the Bureau of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") deportation order finding him removable under the aggravated felony removal statute ("Removal Statute") 8 U.S.C. § 1227(a)(2)(A)(iii). The IJ's decision which the BIA affirmed, ordered Nguyen to be removed based on a previous conviction in Oklahoma for his involvement in a "drive-by-shooting" which the IJ held constituted a "crime of violence" for purposes of the Removal Statute. We affirm.

_____

[*] Edith H. Jones, Circuit Judge, concurring in the judgment only.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Nguyen, a citizen of Vietnam, was admitted to the United States as a refugee in 1980.  In 1982, Nguyen adjusted his status to lawful permanent resident.  On February 3, 1994, Nguyen pled guilty to violating an Oklahoma statute which read:

> [e]very person who uses any vehicle to facilitate the intentional discharge of any kind of firearm . . . in conscious disregard for the safety of any other person or persons shall be punished by imprisonment . . . for a term not less than two (2) years nor more than twenty (20) years.

Okla. Stat., tit. 12, § 652(b) (2002).

Nguyen's conviction was based on his involvement in a shooting as the driver of a vehicle from which a passenger discharged a firearm. The events leading to Nguyen's conviction are as follows:  When he was 18 years old, and living with his older sister in Oklahoma,  Nguyen and two friends were riding around town one evening in an automobile that Nguyen was driving.  During that same evening, four or five young men in another car approached Nguyen's car, and there was an exchange of words between the occupants of the two cars.  At that point a friend of Nguyen's sitting in the passenger side of his car drew a gun and fired it in the direction of the other car.   No one was injured in the shooting.

Nguyen was sentenced to five years imprisonment for this violation.  He was released after serving only one year, however, due to good behavior.  When Nguyen applied for United States citizenship in 1998, the Immigration and Naturalization Service ("INS") arrested him and he was charged as being a removable alien convicted of an aggravated felony under 8 U.S.C. § 1227 (a) (2)

2

(A) (iii) on the ground that his 1994 Oklahoma conviction was a crime of violence as defined in 8 U.S.C. § 1101 (a) (43) (F).

In January 1999, an IJ rejected Nguyen's argument that his prior conviction did not constitute a crime of violence. Nguyen then appealed the IJ's ruling to the BIA which also found that his prior conviction constituted a crime of violence within the meaning of § 1101 (a) (43) (F). In its July 30, 2002 decision the BIA stated that under 18 U.S.C. § 16(b)[1], the term "crime of violence" means an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The BIA held that because Nguyen facilitated the discharge of a firearm, by being the driver of the vehicle, he was as responsible for the substantial risk of the use of physical force caused by the discharge as the person who fired the weapon. Additionally, the BIA noted, Nguyen was sentenced to five years imprisonment for his conviction. Therefore, the BIA concluded that Nguyen's conviction under Okla. Stat. Title 21 § 652 (B) was a crime of violence under 18 U.S.C. § 16(b), thus making him deportable as an aggravated felon under § 237(a)(2)(A)(iii) of the Act. Nguyen timely filed a notice of appeal.

II.     JURISDICTION/STANDARD OF REVIEW

If Nguyen's conviction was properly characterized as a crime of violence, making him

---

[1] 18 U.S.C. § 16 provides:

The term "crime of violence" means –

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

removable, this court has no jurisdiction and must dismiss his petition. See 8 U.S.C. § 1252 (a) (2) (C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227 (a) (2) (A) (iii)"). However, this court retains jurisdiction to determine whether the requisite jurisdictional facts have been established so as to preclude review. See Lopez-Elias v. Reno, 209 F.3d 788, 791 (5th Cir. 2000) ("We have jurisdiction to review jurisdictional facts."). In determining whether these jurisdictional prerequisites have been met, this court reviews the matter de novo. Id. This court employs a categorical approach in determining whether an offense is a crime of violence. United States v. Chapa-Garza, 243 F.3d 921, 924 (5th Cir. 2001). The proper inquiry is whether a defined offense is, in the abstract, a crime of violence and we do not look at the particular facts underlying the defendant's conviction. Id.

III.    DISCUSSION

Whether a conviction under section 652 (B) of the Oklahoma drive-by shooting statute qualifies as a crime of violence under section 16(b) is an issue of first impression for this court. The question raised on appeal is whether a conviction under a statute criminalizing the facilitation by one person of the intentional use of force by another person constitutes a crime of violence under the recklessness language of section 16(b). In other words, does Nguyen's conviction of the crime of facilitation mean that he committed an offense which "by its nature, involves a substantial risk that physical force against another person or property of another may be used in the course of committing the offense?"

At the outset we must address the Oklahoma Court of Criminal Appeals' holding in Burleson v. Saffle that "[t]he drive-by shooting statutes [section 652 ] require the specific intent to discharge

4

a weapon in conscious disregard for the safety of another person or persons." The Oklahoma State court's holding in <u>Burleson</u> appears to satisfy this court's requirement outlined in <u>Chapa-Garza</u> that only offenses "where the offender <u>intentionally</u> use[s] the force against the person or property of another" qualify as a "crime of violence" under section 16(b). 243 F.3d at 927. While the Oklahoma State court's holding in <u>Burleson</u> informs our analysis, that holding does not control our determination on whether the offense at issue here constitutes a crime of violence. <u>See United States v. Medina-Anicacio</u>, 325 F.3d 638, 644 (5th Cir. 2003). While, contrary to the holding in <u>Burleson</u>, we find that the intent requirement of the statute appears to be focused on the person discharging the weapon, not necessarily on the person who uses a vehicle to facilitate such a discharge, as we explain below, the Oklahoma facilitation statute is encompassed by section 16 (b). <u>See</u> <u>Burleson</u>, 46 P.3d at 152.

Nguyen argues that the statute criminalizes the use of a vehicle itself, which does not necessarily involve the substantial risk that force will intentionally be used against another, and that the risk of force comes from the person who intended to or actually discharged the firearm. We do not find Nguyen's argument persuasive. We begin our analysis by looking at the language of the statute which states "[e]very person who uses any vehicle to facilitate the intentional discharge of any kind of firearm." The language of the stature makes clear that until the firearm is actually discharged, the use of the vehicle is not criminalized. While it is certainly clear that the act of "intentionally discharging a weapon in conscious disregard for the safety of others," Okla. Stat. § 652 (B), is an offense that "by its nature involves a substantial risk" that the bullet or bullets may hit a person or property, section 16 (b), it is not so clear that the act of "facilitating" by driving the car from where the shots were fired is also encapsulated by the section 16 (b) definition.

5

In Chapa-Garza this court held that the Texas crime of driving while intoxicated was not a crime of violence and that the defendants' sentences should therefore not have been enhanced. 243 F.3d at 927. In that case we noted that section 16 (b)'s requirement that there be a substantial risk that force may be used "contemplates only reckless disregard for the possibility that *intentional* force may be employed" and that the relevant physical force was that used in the commission of the offense, not the force that could result from the offense having been committed.[2] Id. at 924. Thus, the court determined that a crime of violence "requires recklessness as regards the substantial likelihood that the offender will intentionally employ force against the person of another in order to effectuate the commission of the offense." Id. at 927. We were concerned with distinguishing offenses in which the risk of use of force arose from an accidental or unintentional event. Id. at 926-27. Because intentional force is virtually never used to commit the offense of driving while intoxicated, we held that it was not a crime of violence under section 16(b). Id. at 927.

In United States v. Gracia-Cantu, 302 F.3d 308 (5th Cir. 2002), we held that a Texas conviction for injury to a child did not qualify as a crime of violence under section 16(b) because the offense of injury to a child was results-oriented, and could be committed by omission rather than through the intentional use of force. Id. at 312. Thus, we concluded that the crime was not by its nature a crime of violence. Id. at 313.

More recently this court, in United States v. Vargas Duran, 356 F.3d 598, 599-600 (5th Cir.

---

[2] This court stated in Chapa-Garza:

> Section 16(b) is focused on the defendant's conduct *itself*, as there is no requirement that there be a substantial risk that another's person or property will sustain injury, but only that there be a substantial risk that the defendant will *use* physical force against another's person or property *in the course of committing the offense*. 243 F.3d at 925.

2004) (en banc), held that the Texas crime of intoxication assault[3] was not a crime of violence under the 2001 amendments to the United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii)(I),[4] the successor to section 16(b), because a person could be convicted of such crime without having intended to use force.

In applying the categorical approach and ignoring the conduct Nguyen committed which resulted in his conviction, as we are required to do, we hold that the Oklahoma statute's requirement that an intentional discharge of a weapon be found before a conviction can be sustained, suggests that, in the abstract, a conviction for facilitating such a discharge is encompassed by section 16(b). The statute does not require the offender to be the person who discharges the firearm. As the Oklahoma statute makes clear, it is not the driving of the vehicle that is criminalized, but rather when one uses a vehicle to facilitate the act of discharging a weapon. Without the weapon being intentionally discharged, there can be no facilitation conviction. On its face, therefore, the Oklahoma statute excludes the possibility of someone being convicted for facilitation resulting from the unintentional or unintended creation, as was the concern of this court in Vargas-Duran, of a "substantial risk that force against another" will be applied. If the shooter is found not to have intentionally discharged the weapon, then under Burleson, no conviction, including facilitation under

---

[3] Texas Penal Code Section 49.07(a)(1), Intoxication Assault, provides that a conviction can arise if:

> while operating an aircraft, watercraft, or amusement ride while intoxicated, or while operating a motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another.

[4] U.S.S.G. § 2L1.2(b)(1)(A)(ii)(I) provides:

> "Crime of violence" - means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

7

section 652, could stand. 46 P.3d at 152. Furthermore, the language of the statute "uses . . .vehicle to facilitate," suggests intentionality on the part of the driver under our interpretation of the term "use" in Vargas-Duran. See also U.S. v. Male, 923 F.2d 614, 619-20 (8th Cir. 1991) (Conspiracy to commit murder is a crime of violence under § 16(b), even if individual so convicted was not the person who was to carry out the actual murder).

Nguyen cites this court's decisions in United States v. Hernandez-Neave, 291 F.3d 296, 299 (5th Cir. 2001) and United States v. Medina-Anicacio, 325 F.3d 638, 645-46 (5th Cir. 2003) to argue that the facilitation crime was complete when the assistance he provided by driving the car began. These cases are inapposite because they dealt with situations, carrying of a firearm and possession of a dagger, where the crime was complete at the time the offense began. Here, however, the violation is not complete until a firearm is intentionally discharged - that is, if the firearm had never been intentionally discharged, Nguyen could not have been convicted of facilitation. Thus, the crime was not complete until the firearm was discharged and the substantial risk of physical force being used had come to fruition.

For the aforementioned reasons, we find that Nguyen's conviction for facilitation under the Oklahoma drive-by statute was properly held to be a crime of violence.

CONCLUSION

Because the IJ properly found Nguyen's facilitation conviction to be a crime of violence for the purposes of the Removal Statute, we affirm the BIA's decision upholding the IJ's ruling. We therefore lack jurisdiction as to this appeal and dismiss Nguyen's petition.