# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1071

LEONEL JIMENEZ-GONZALEZ,

*Petitioner,*

*v.*

MICHAEL B. MUKASEY, United States
Attorney General,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A42-914-629

ARGUED SEPTEMBER 10, 2008—DECIDED NOVEMBER 21, 2008

Before COFFEY, RIPPLE and MANION, *Circuit Judges*.

RIPPLE, *Circuit Judge.* Leonel Jimenez-Gonzalez's petition
for review presents an issue of first impression in this
circuit: whether criminal recklessness constitutes a crime
of violence under 18 U.S.C. § 16(b). Aliens are removable
under 8 U.S.C. § 1227(a)(2)(A)(iii) if they commit an
aggravated felony. The definition of "aggravated felony"
includes a conviction for a "crime of violence []as defined
in section 16 of Title 18," for which the term of imprison-

ment is at least one year. 8 U.S.C. § 1101(a)(43)(F). Mr. Jimenez-Gonzalez, a permanent resident, pleaded guilty to criminal recklessness for shooting a firearm into an inhabited dwelling in violation of Indiana Code § 35-42-2-2(c)(3). The Department of Homeland Security ordered Mr. Jimenez-Gonzalez removed to his native Mexico for having committed a crime of violence. Because crimes of violence, as defined under § 16(b), are limited to society's most serious offenses—offenses that do not include reckless or accidental conduct—we grant Mr. Jimenez-Gonzalez's petition for review and hold that criminal recklessness is not a crime of violence for immigration purposes.

# I

# BACKGROUND

## A. Facts

Leonel Jimenez-Gonzalez, the youngest of eight children, came to the United States as a small child in 1991. He lived with his mother, father and seven siblings in various cities, eventually settling in Indianapolis. Mr. Jimenez-Gonzalez and his family became lawful permanent residents, and, although his parents eventually chose to return to Mexico, Mr. Jimenez-Gonzalez and his siblings settled here as adults.

In October 2005, Mr. Jimenez-Gonzalez pleaded guilty to two counts of criminal recklessness, a Class C felony. Class C criminal recklessness is defined in Indiana as follows:

(b) A person who recklessly, knowingly, or intention-
ally performs:

> (1) an act that creates a substantial risk of bodily
> injury to another person
>
> . . .

commits criminal recklessness.

(c) The offense of criminal recklessness as defined
in subsection (b) is:

> . . .
>
> (3) a Class C felony if:
>
>> (A) it is committed by shooting a firearm into
>> an inhabited dwelling or other building or
>> place where people are likely to gather.

Ind. Code § 35-42-2-2(b)(1), (c)(3). According to his pre-
sentence report, Mr. Jimenez-Gonzalez had admitted in
his plea agreement to committing two counts of criminal
recklessness by shooting a firearm from his truck into
an apartment located in a residential neighborhood. He
was then sentenced to four years' imprisonment. Based
on this conviction the Department of Homeland
Security initiated removal proceedings against Mr.
Jimenez-Gonzalez.

## B. Immigration Proceedings

When Mr. Jimenez-Gonzalez appeared before an Immi-
gration Judge ("IJ"), he admitted that he had been con-
victed of criminal recklessness and testified that he did not

have any fear that he would be harmed or mistreated if removed to Mexico. The IJ admitted evidence detailing Mr. Jimenez-Gonzalez's convictions for criminal recklessness including the abstract of judgment, presentence report and officer's probable cause affidavit. Mr. Jimenez-Gonzalez then argued that criminal recklessness was not a crime of violence and that, therefore, he was not removable for having committed an aggravated felony.

The IJ disagreed and held that criminal recklessness is a crime of violence because it creates a substantial risk that the actor intentionally would use force in furtherance of the offense. The Board of Immigration Appeals affirmed the IJ's decision; it held that felony criminal recklessness committed by "shooting a firearm into an inhabited dwelling or other building or place where people are likely to gather" in violation of Indiana Code § 35-42-2-2(c)(3) constituted a crime of violence. The BIA reasoned that shooting a gun into an apartment necessarily caused a substantial risk that the offender would use physical force against the person or property of another during the commission of the offense.

## II

## DISCUSSION

In his petition for review, Mr. Jimenez-Gonzalez argues that he is not subject to removal because criminal recklessness is not a crime of violence. As relevant here, "crime of violence" is defined in 18 U.S.C. § 16(b) as an offense "that

is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See also Leocal v. Ashcroft*, 543 U.S. 1, 10 n.7 (2004). Both parties agree that Mr. Jimenez-Gonzalez's convictions were felonies. We review de novo whether a conviction qualifies as a crime of violence under Section 16(b). *See LaGuerre v. Mukasey*, 526 F.3d 1037, 1039 (7th Cir. 2008).

Mr. Jimenez-Gonzalez submits that his conviction for criminal recklessness cannot be a crime of violence because Section 16(b) requires that a crime of violence have a mens rea higher than recklessness. The Supreme Court examined the scope of Section 16(b) in *Leocal v. Ashcroft*, holding that a conviction for drunk driving did not qualify as a crime of violence under Section 16(b). 543 U.S. at 13. In reaching that conclusion, the Court held that a crime based on strict liability or negligence could not be a crime of violence, because "[i]nterpreting § 16 to encompass accidental or negligent conduct would blur the distinction between the 'violent' crimes Congress sought to distinguish for heightened punishment and other crimes." *Id.* at 11. The Court reserved for another day the issue whether reckless crimes could qualify as crimes of violence. *Id.* at 13 ("This case does not present us with the question whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence.").

In the wake of *Leocal*, five other circuits have held that reckless crimes cannot be crimes of violence under

Section 16(b). *See United States v. Zuniga-Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008) (holding that reckless assault on a police officer was not a crime of violence); *United States v. Portela*, 469 F.3d 496, 499 (6th Cir. 2006) (holding that reckless vehicular homicide was not crime of violence); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-31 (9th Cir. 2006) (en banc) (discussing *Leocal* and holding that reckless domestic violence was not a crime of violence); *Garcia v. Gonzales*, 455 F.3d 465, 468-69 (4th Cir. 2006) (holding that reckless assault was not a crime of violence); *Oyebanji v. Gonzales*, 418 F.3d 260, 263-65 (3d Cir. 2005) (holding that reckless vehicular homicide was not a crime of violence). These circuits have interpreted *Leocal* to limit the scope of Section 16(b) to crimes that require purposeful conduct, rather than negligent or reckless conduct.

Today we join our sister circuits and hold that reckless crimes are not crimes of violence under Section 16(b). As the Third Circuit persuasively reasoned, "[t]he cornerstone of the *Leocal* Court's reasoning was that the concept of the use of physical force against the person or property of another 'requires active employment' and 'naturally suggests a higher degree of intent than negligent or merely *accidental* conduct.'" *Oyebanji*, 418 F.3d at 263 (quoting *Leocal*, 543 U.S. at 9 (emphasis in original)). And we believe that accidental and reckless crimes are not the type of "violent" crimes Congress intended to distinguish as worthy of removal. *See Leocal*, 543 U.S. at 11; *Garcia*, 455 F.3d at 468-69.

Additionally, the Supreme Court's heavy reliance on burglary as the prototypical example of a crime of violence

supports our holding that reckless crimes are not crimes of violence. The Court reasoned that burglary was a crime of violence under Section 16(b) "*not* because the offense can be committed in a generally reckless way or because someone may be injured, but because burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime." *Leocal*, 543 U.S. at 10. The act of burglary requires *intentional* conduct and intentionally burglarizing a home risks having to use force. By contrast, criminal recklessness as defined by § 35-41-2-2 of the Indiana Code does not require *any* purposeful conduct. Furthermore, criminal recklessness does not necessarily create a risk that force may be used as a means to an end during the commission of the offense. Unlike burglary, where there necessarily is a risk of force being employed in a confrontation inside the dwelling, the offense of criminal recklessness is complete when the gun is fired. *See Leocal*, 543 U.S. at 10; *Bejarano-Urrutia v. Gonzales*, 413 F.3d 444, 446-47 (4th Cir. 2005) (holding that risk of force must be a "means to an end" in the commission of the offense); *see also Bazan-Reyes v. INS*, 256 F.3d 600, 612 (7th Cir. 2001) (requiring recklessness "with respect to the risk that intentional physical force will be used in the course of committing the offense").

In this case, although the result seems, at first glance, counterintuitive, we must look at the statute as a whole in order to determine whether the elements of the underlying offense categorically constitute a crime of violence. *See LaGuerre*, 526 F.3d at 1039; *Bazan-Reyes*, 256 F.3d at 612. It is important to recognize that, under Indiana law, Class

C criminal recklessness may be committed in many different ways, some of which require no intentional conduct at all. Because the elements of criminal reckless-ness can encompass both accidental and aggressive conduct, it cannot be a crime of violence under Section 16(b).

The Government argues, despite the decisions of our sister circuits, that Section 16(b) does not require that a crime have a mens rea higher than recklessness. Only two cases have held that a crime involving reckless be-havior is a crime of violence under Section 16(b). Impor-tantly, in both of those cases, the underlying crimes of conviction required *intentional* conduct exhibiting a *reckless* disregard to the likelihood of injury. In *Blake v. Gonzales*, 481 F.3d 152, 159-63 (2d Cir. 2007), the Second Circuit held that a conviction for reckless assault and battery of a police officer was a crime of violence because the statute required an *intentional* assault on an officer with reckless disregard to the likelihood that the officer may be injured.[1] Similarly, the Fifth Circuit held that facilitation of a drive-by shooting was a crime of violence because the statute in question required both (1) intentional facilitation and (2) the intentional discharge of a weapon by another occupant in the car. *Nguyen v. Ashcroft*, 366 F.3d 386, 389 (5th Cir. 2004). Although the alien in *Nguyen* was merely *reckless* regarding the

---

[1] *Cf. Jobson v. Ashcroft*, 326 F.3d 367, 373-74 (2d Cir. 2003) (holding that second-degree manslaughter, which required only reckless conduct, was not a crime of violence).

potential for injury, the alien also *intentionally* committed an act that, by its nature, created a substantial likelihood that force would be used. *Id*. The crimes in *Blake* and *Nguyen*, unlike the crime at issue in this case, involved conduct that was not purely reckless.

The Government also relies upon a recent case from this circuit, *Quezada-Luna v. Gonzales*, 439 F.3d 403, 406 (7th Cir. 2006). There, we recognized that the act of discharging a weapon into a home "describes conduct that presents a substantial risk that physical force against the person or property of another may be used." *Quezada-Luna*, however, dealt with a conviction for the intentional discharge of a weapon into a home, a crime that could not be committed in a merely reckless or accidental way. Therefore the Government's arguments are not persuasive because the authorities upon which it relies all involved proscribed activity that necessarily required the use of force.

Recently the Supreme Court, and this court, have interpreted a similar statute in a manner that casts a useful cross-light on the interpretive task before us today. In those cases, the statute at issue was the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 924(e)(1), 924(e)(2)(B). The Act defines a "violent felony" as one that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Violent felonies that are not among the listed offenses fall under the second or "residual clause" of the section. The Supreme Court recently held that drunk

driving was not a violent felony under that clause of the ACCA because drunk driving was not "similar to" the listed offenses in that it did not "typically involve purposeful, violent, and aggressive conduct." *Begay v. United States*, ___ U.S. ___, 128 S. Ct. 1581, 1586 (2008).

The definition of a crime of violence under Section 16(b) is slightly different from the residual clause of the ACCA. Section 16(b) requires a substantial likelihood that *force* will be used in the commission of the offense; the residual clause, by contrast, requires a substantial likelihood of *physical injury*. *Leocal*, 543 U.S. at 10 n.7; *Bazan-Reyes*, 256 F.3d at 609-12.[2] Despite the slightly different definitions, the Supreme Court's holding in *Begay* perfectly mirrored the analysis in *Leocal* regarding whether drunk driving was a crime of violence under Section 16(b). In both *Begay* and *Leocal*, the Court held that negligence and strict-liability crimes were not violent crimes but declined to decide whether crimes of recklessness could be.

After *Begay*, we held that crimes of recklessness are not violent felonies under the ACCA. *United States v. Smith*, ___ F.3d ___, 2008 WL 4182648, at *4 (7th Cir. Sept. 12, 2008). Analyzing a different subsection of the same Indiana recklessness statute before us today, *id*. at *2, n.2, we noted that the non-purposeful nature of the DUI offense was the "primary distinction" relied on by the Supreme Court in *Begay*. *See id*. at 8; *United States v. Spells*,

---

[2] *See also Ramirez v. Mukasey*, 520 F.3d 47, 50 (1st Cir. 2008); *Canada v. Gonzales*; 448 F.3d 560, 571 n.8 (2d Cir. 2006); *United States v. Sawyers*, 409 F.3d 732, 740 (6th Cir. 2005).

537 F.3d 743, 751-52 (7th Cir. 2008). Significantly, the non-purposeful nature of the DUI offense was the *sole factor* relied on by the Supreme Court in *Leocal* when it held that drunk driving did not qualify as a crime of violence under Section 16(b). *See Leocal*, 543 U.S. at 11-12. Given that Section 16(b) and the residual clause of the ACCA contain similar language and that the Supreme Court applied similar logic in *Leocal* and *Begay*, we believe that the reasoning in *Smith* supports the view that crimes with a mens rea of recklessness are not crimes of violence under Section 16(b).

Finally, we note that Congress has recognized the seriousness of firearms offenses in a different provision of the Immigration and Nationality Act. An alien who has been convicted of violating any federal or state law that makes it a crime to attempt to use any weapon "which is a firearm or destructive device" as defined in 18 U.S.C. § 921(a) is removable. 8 U.S.C. § 1227(a)(2)(C); *see Dave v. Ashcroft*, 363 F.3d 649, 650-52 (7th Cir. 2004) (denying alien's petition for review of removal order where alien was convicted of reckless discharge of a firearm). The key difference is that an alien removed for having committed a crime of violence is permanently barred from returning to the United States, but an alien who is removed based on a firearms conviction under 8 U.S.C. § 1227(a)(2)(C) may apply for readmission after ten years. *Quezada-Luna*, 439 F.3d at 404. As a reviewing court, we cannot deny Mr. Jimenez-Gonzalez's petition based on a rationale that neither the BIA, nor the IJ, relied upon. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947); *Gebreeyesus v. Gonzales*, 482 F.3d 952, 955-56 (7th Cir.

2007). Thus, because Mr. Jimenez-Gonzalez was not charged as removable for having committed a firearms offense—and therefore neither the IJ nor the BIA relied on this rationale—we cannot deny Mr. Jimenez-Gonzalez's petition based on § 1227(a)(2)(C). Yet in deciding that reckless-firearms offenses cannot be crimes of violence under Section 16(b), we think it particularly important to note that Congress has recognized the potential danger inherent in the reckless use of a firearm and has provided a means for DHS to remove individuals who are convicted of these grave offenses.

## Conclusion

For the foregoing reasons, Mr. Jimenez-Gonzalez's petition for review is granted, the judgment of the Board of Immigration Appeals is reversed, and the case is remanded for proceedings consistent with this opinion. The Petitioner may recover his costs for this appeal.

PETITION FOR REVIEW GRANTED