# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2012

No. 11-40683
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE BOLIVAR DE LA SANCHA-VILLARREAL, also known as Jose De La Sanchez-Villareal,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-25-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Bolivar De La Sancha-Villarreal ("De La Sancha") appeals both his conviction upon his guilty plea and his thirty-six month sentence for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. De La Sancha argues that his prior Texas convictions of unlawful delivery of a controlled substance, driving while intoxicated, and unlawfully carrying a weapon in a tavern, were not aggravated felonies, and therefore, the district court plainly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in sentencing him pursuant to 8 U.S.C. § 1326(b)(2), which provides for a 20-year maximum statutory sentence, instead of § 1326(b)(1), which provides for a 10-year maximum statutory sentence. We have held previously that the Texas offenses of driving while intoxicated and unlawfully carrying a weapon into a place licensed or permitted to sell alcoholic beverages–such as a tavern–are not aggravated felonies. *See United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001); *United States v. Hernandez-Neave*, 291 F.3d 296, 298–300 (5th Cir. 2001). The government maintains, however, that De La Sancha's prior Texas conviction for unlawful delivery was an aggravated felony for the purposes of sentencing under § 1326(b).

Because De La Sancha did not object to the district court sentencing him under § 1326(b)(2), we review for plain error. *See United States v. Mondragon–Santiago* 564 F.3d 357, 361 (5th Cir. 2009). Under plain-error review, we must determine whether: (1) there was error, (2) the error was plain, (3) the error affects a defendant's substantial rights, and (4) we should exercise our discretion to correct the error in order to prevent a miscarriage of justice. *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Villegas*, 404 F.3d 358, 358–59 (5th Cir. 2005).

An aggravated felony is defined, in relevant part, to mean "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). De La Sancha was previously convicted in Texas of unlawfully delivering a controlled substance. This offense is not an aggravated felony if the delivery was an offer to sell a controlled substance. *See United States v. Ibarra–Luna*, 628 F.3d 712, 715–16 (5th Cir. 2010). This offense, however, is an aggravated felony if the delivery was an actual transfer of a controlled substance. *See* 8 U.S.C. § 1101(a)(43)(B) (defining "aggravated felony" to include "a drug trafficking crime" as defined in 18 U.S.C. § 924(c)); § 924(c)(2)

No. 11-40683

(defining "drug trafficking crime" as "any felony punishable under the Controlled Substances Act"); 21 U.S.C. §§ 802(8) & (11), 841(a)(1) (criminalizing delivery of a controlled substance under the Controlled Substances Act); § 812(c) (identifying cocaine as a Schedule II narcotic); § 841(b)(1)(C) (providing punishment of up to 20 years for distribution of cocaine in any amount).

De La Sancha was charged with unlawfully delivering cocaine by actual transfer, constructive transfer, and an offer to sell. The government concedes that from the state court documents, we cannot determine which of the three alternate manners and means De La Sancha used to commit the offense. There are no *Shepard*-approved documents to narrow the nature of the delivery. *See Shepard v. United States*, 544 U.S. 13, 16 (2005). Therefore, De La Sancha's prior conviction is not an aggravated felony, and it was error to sentence him pursuant to § 1326(b)(2).

De La Sancha concedes that he cannot show that this error affected his substantial rights, or that any other alleged error in using his other prior convictions affect his substantial rights. Therefore, there is no plain error that requires us to vacate De La Sancha's conviction or sentence. *See Mondragon-Santiago*, 564 F.3d at 369. Consistent with our prior holding in *Mondragon-Santiago*, however, De La Sancha is entitled to a reformation of the district court's judgment to reflect the correct statutory subsection.[1] *Id*. at 369. We therefore AFFIRM the district court's judgment, but REFORM it to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1).

---

[1] Our recent decision in *United States v. Chavez-Hernandez*, 671 F.3d 494 (5th Cir. 2012), does not affect the applicability of *Mondragon-Santiago* to De La Sancha's case. *Chavez-Hernandez* addressed whether we should consider evidentiary admissions by the defendant's counsel during a sentencing hearing in deciding whether to exercise our discretion to correct a plain error under the fourth prong of plain-error review. *Id*. at 500. As explained above, we need not address the fourth prong in the instant case because De La Sancha cannot show that the error affected his substantial rights under prong three.