# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60181

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2015

Lyle W. Cayce
Clerk

NARAYAN MISHRA GANESH,

Petitioner,

versus

LORETTA LYNCH, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No.  A 096 723 435

Before JONES, SMITH, and COSTA, Circuit Judges.

PER CURIAM:*

Narayan Ganesh petitions for review of an order of the Board of Immigration Appeals ("BIA") holding him eligible for removal.  Because one of his challenges was not presented to the BIA and the other is without merit, we

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60181

dismiss in part and deny in part the petition.

## I.

Ganesh is a native and citizen of India who became a lawful permanent resident in 2006. In July 2012, he was charged with one count of deadly conduct in violation of Section 22.05(b)(2) of the Texas Penal Code.[1] The indictment charged that he "knowingly discharge[d] a firearm at and in the direction of a habitation . . . and was reckless as to whether the habitation was occupied." He pleaded guilty and was sentenced to two years' imprisonment.

In October 2012, the Department of Homeland Security ("DHS") served Ganesh with a Notice to Appear ("NTA") that charged him with being removable on account of his conviction of an aggravated felony under Section 101(a)(43)(F) of the Immigration and Nationality Act. Before the immigration judge ("IJ"), Ganesh contended that he had not been convicted of an aggravated felony and was therefore not removable on that basis. The IJ ruled that the conviction was an aggravated felony because it was "a felony . . . that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The IJ denied Ganesh's application for withholding of removal, and Ganesh was ordered removed to India.

Ganesh appealed to the BIA, asserting that the IJ had erred because § 16(b) "specifically requires a finding that the threat of force *against* a person or property is a requisite to the completion of the crime." Additionally, Ganesh

---

[1] The IJ determined that Ganesh had been convicted under § 22.05(b)(2), which states that "[a] person commits an offense if he knowingly discharges a firearm at or in the direction of . . . a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied." It does not appear that Ganesh contests the IJ's use of the modified categorical approach or the conclusion that § 22.05(b)(2) is Ganesh's offense of conviction, and Ganesh's brief before the IJ stated that he was convicted under that subsection.

No. 14-60181

contended that § 16(b) required "the specific intent to harm." He did not address the IJ's determination that the offense involved a substantial risk of the use of physical force. The BIA dismissed the appeal, stating that Ganesh was confusing the crime-of-violence ("COV") definition in the U.S. Sentencing Guidelines with the one found in § 16; the former requires that the use, attempt, or threat of force be an element of the crime, but the latter is the definition used by the INA and includes a definition (§ 16(b)) that does not require that the use of force be an element.

Because Ganesh is proceeding *pro se* in this petition (though he was represented by counsel before the IJ and BIA), we liberally construe his brief. *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988). So read, his brief raises two challenges to the BIA's decision. First, his conviction was not a COV because a violation of § 22.05(b)(2) does not, "by its nature, involve[ ] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Second, § 22.05(b)(2) has too low a *mens rea* requirement. Ganesh also challenges the classification of his offense as a firearms offense, but our resolution of his COV issues moots the firearms-offense question.

II.

Although we ordinarily lack jurisdiction to review final orders of removal against aliens who have committed aggravated felonies, 8 U.S.C. § 1252-(a)(2)(C), we have jurisdiction over questions of law. 8 U.S.C. § 1252(a)(2)(D). Whether a conviction is for an aggravated felony is a purely legal question and therefore appropriate for review. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013). Our jurisdiction is, however, limited; "parties must fairly present their contentions to the BIA to satisfy exhaustion." *Omari v. Holder*, 562 F.3d 314, 323 (5th Cir. 2009); *see also* 8 U.S.C. § 1252(d).

3

No. 14-60181

III.

This petition centers on whether Ganesh's conviction was an aggravated felony under the INA. "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The term "aggravated felony" includes "a crime of violence," as defined in 18 U.S.C. § 16, if the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F).

Section 16 describes two types of offenses that qualify as COVs:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The IJ held that Ganesh had committed a COV under § 16(b) because a violation of § 22.05(b)(2) involves a substantial risk of the use of physical force. Ganesh had disputed that conclusion before the IJ but did not mention the issue in his appeal to the BIA despite the IJ's basing his decision on that holding.

Ganesh's failure to challenge that holding is fatal to our jurisdiction. The BIA was presented with an appeal that contested two alleged deficiencies in the IJ's holding: the lack of a force element and inadequate *mens rea*. But Ganesh did not indicate to the BIA that he disagreed with the IJ's conclusion that, whatever other shortcomings existed, his conviction was for a felony that involves a substantial risk of the use of force. The BIA therefore had no reason to address whether such a substantial risk existed. Indeed, the BIA's decision faulted Ganesh for failing to address the grounds for the IJ's decision; Ganesh chose to use the definition of COV under the Sentencing Guidelines, which is different from § 16's.

No. 14-60181

It is not necessary that an alien's arguments before the BIA precisely match his brief in this court. The petition for review can narrow the scope of the argument or provide more depth to an argument that was presented to the BIA in a less developed form. *Dale v. Holder*, 610 F.3d 294, 298–99 (5th Cir. 2010). But Ganesh made only two very specific challenges to his offense's classification as a COV, and they are related to the new substantial-risk challenge only in that all three seek to have the offense classified differently. It cannot fairly be said that the BIA was therefore on notice that Ganesh disputed that his offense created a substantial risk of physical force. "[C]laims that parties have effectively placed the BIA on notice that they contest an issue, even though they never actually stated as much to the BIA, have no place in our § 1252(d) exhaustion analysis." *Omari*, 562 F.3d at 322–23.

Ganesh also contends that *Leocal v. Ashcroft*, 543 U.S. 1 (2004), excludes from § 16(b)'s reach those crimes with a *mens rea* of recklessness. Several courts of appeals have held that in the wake of *Leocal*, reckless crimes cannot be COVs under § 16(b). *See Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557, 560 (7th Cir. 2008) (collecting cases). But Ganesh's offense of conviction has a *mens rea* of knowledge; the perpetrator under Section 22.05(b)(2) must "knowingly discharge[ ] a firearm in the direction of . . . a habitation, building, or vehicle . . . ." The offense also has a recklessness component regarding whether the habitation is occupied, but that does not change that the statute requires greater culpability than mere recklessness.[2] We therefore need not answer

---

[2] *See Jiminez-Gonzalez*, 548 F.3d at 561–62 (identifying cases involving laws that prohibited intentional acts with reckless disregard for the risk presented); *see also Nguyen v. Ashcroft*, 366 F.3d 386, 388–90 (5th Cir. 2004) (affirming the applicability of § 16(b) to a conviction of facilitating the intentional discharge of a firearm in conscious disregard for the safety of others); *Quezada-Luna v. Gonzales*, 439 F.3d 403, 406 (7th Cir. 2006) (holding that § 16(b) applied to a statute prohibiting the knowing discharge of a firearm at a building that the shooter knows or should know is occupied).

whether *Leocal* excludes reckless crimes from § 16(b).

For the reasons we have explained, the petition for review is DISMISSED in part and DENIED in part.